IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BALTHASER ONLINE, INC.,** § § § **Plaintiff,** § § v. § § **NETWORK SOLUTIONS, LLC, THE KNOT,** § **INC., INSIDER GUIDES, INC., CYWORLD** § **INC., FRIENDFINDER NETWORKS, INC.,** § **HI5 NETWORKS, INC., FREEWEBS, INC.,** § **GAIA INTERACTIVE, INC., FRIENDSTER,** § **INC., EBAUM'S WORLD, INC., PUMA** § **INTERNATIONAL, LLC, IMEEM, INC.,** § **SCRIPPS NETWORKS, LLC, LIVE** § **JOURNAL INC., NIKE, INC., NING, INC.,** § **SWATCHBOX TECHNOLOGIES, INC.,** § **ELECTRONIC ARTS INC., HOOKUMU,** § **INC., MEREDITH CORP., AND CAPCOM** § **USA, INC.,** § § **Defendants.** § § | Civil Action No. 2:08-CV-430 (DF)<br><br>JURY TRIAL DEMANDED |

## DEFENDANT NETWORK SOLUTIONS, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Network Solutions, LLC ("Network Solutions"), by and through the undersigned attorneys, answers the complaint for patent infringement ("Complaint") of plaintiff, Balthaser Online, Inc. ("Balthaser"), in like-numbered paragraphs as follows:

## THE PARTIES

### A.  PLAINTIFF

1.  Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies them.

**B.     DEFENDANTS**

<u>Network Solutions, LLC</u>

2.     Network Solutions denies that it is Delaware Corporation.  Network Solutions admits the remaining allegations of paragraph 2.

<u>The Knot, Inc.</u>

3.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies them.

<u>Insider Guides, Inc.</u>

4.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies them.

<u>Cyworld, Inc.</u>

5.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, denies them.

<u>FriendFinder Networks, Inc.</u>

6.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, denies them.

<u>Hi5 Networks, Inc.</u>

7.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies them.

<u>Freewebs, Inc.</u>

8.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, denies them.

<u>Gaia Interactive, Inc.</u>

9.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, denies them.

<u>Friendster, Inc.</u>

10. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, denies them.

<u>Ebaum's World, Inc.</u>

11. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies them.

<u>Puma International, Inc.</u>

12. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies them.

<u>Imeem, Inc.</u>

13. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies them.

<u>Scripps Networks, LLC</u>

14. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies them.

<u>Live Journal, Inc.</u>

15. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies them.

<u>Nike, Inc.</u>

16. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, denies them.

<u>Ning, Inc.</u>

17. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies them.

<u>Swatchbox Technologies, Inc.</u>

18. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies them.

<u>Electronic Arts, Inc.</u>

19. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, denies them.

<u>Hookumu, Inc.</u>

20. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies them.

<u>Meredith Corp.</u>

21. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies them.

<u>Capcom USA, Inc.</u>

22. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, denies them.

**JURISDICTION AND VENUE**

23. Network Solutions admits only that this action for alleged patent infringement purports to arise under the Patent Laws of the United States, 35 USC §§ 1, et seq.  Network Solutions admits that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

24. Network Solutions admits that it transacts business within the State of Texas.  The remaining allegations of paragraph 24 of the Complaint are denied.

25. Network Solutions admits that venue is proper in this Court as to Network Solutions.  Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and, therefore, denies them.

**COUNT I: PATENT INFRINGEMENT**

**(U.S. Patent No. 7,000,180)**

26. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, therefore, denies them.

27. Network Solutions admits only that U.S. Patent No. 7,000,180 B2 ("the '180 patent") is entitled "METHODS, SYSTEMS, AND PROCESSES FOR THE DESIGN AND CREATION OF RICH-MEDIA APPLICATIONS VIA THE INTERNET" and that the named inventor on the face of the patent as issued on February 14, 2006 is Neil Balthaser.  Network Solutions denies that a true and correct copy of the patent is attached as Exhibit A, as at least the Certificate of Correction, issued August 22, 2006, is missing.  Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and, therefore, denies them.

Network Solutions LLC

28. Denied.

The Knot, Inc.

29. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, therefore, denies them.

Insider Guides, Inc.

30. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, therefore, denies them.

Cyworld, Inc.

31. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, therefore, denies them.

FriendFinder Networks, Inc.

32. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, denies them.

Hi5 Networks, Inc.

33. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, denies them.

Freewebs, Inc.

34.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, therefore, denies them.

Gaia Interactive, Inc.

35.     Network Solutions lacks sufficient knowledge or information to form a belief a to the truth of the allegations of paragraph 35 of the Complaint and, therefore, denies them.

Friendster, Inc.

36.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, therefore, denies them.

Ebaum's World, Inc.

37.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, therefore, denies them.

Puma International, Inc.

38.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and, therefore, denies them.

Imeem, Inc.

39.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, therefore, denies them.

Scripps Networks, LLC

40.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, therefore, denies them.

Live Journal, Inc.

41.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, therefore, denies them.

Nike, Inc.

42.     Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, therefore, denies them.

-7-

<u>Ning, Inc.</u>

43. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and, therefore, denies them.

<u>Swatchbox Technologies, Inc.</u>

44. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, therefore, denies them.

<u>Electronic Arts, Inc.</u>

45. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and, therefore, denies them.

<u>Hookumu, Inc.</u>

46. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and, therefore, denies them.

<u>Meredith Corp.</u>

47. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47 of the Complaint and, therefore, denies them.

<u>Capcom USA, Inc.</u>

48. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48 of the Complaint and, therefore, denies them.

49. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and, therefore, denies them.

50. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint and, therefore, denies them.

51. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 51 of the Complaint and, therefore, denies them.

52. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 52of the Complaint and, therefore, denies them.

53. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 53 of the Complaint and, therefore, denies them.

54. Denied as to Network Solutions. Network Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint and, therefore, denies them.

## **REQUESTED RELIEF**

This section of the Complaint constitutes requests for relief which do not require a response. To the extent that these paragraphs may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Network Solutions denies each and every allegation contained in the Complaint, except as specifically admitted herein, and denies that Balthaser is entitled to any of the relief requested or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

55. Network Solutions alleges the following affirmative defenses in response to the allegations set forth in the Complaint.

56. For each of the affirmative defenses below, Network Solutions hereby incorporates the allegations contained in Paragraphs 1-54 of its Response to the Complaint as if they had been fully set forth therein.

**FIRST AFFIRMATIVE DEFENSE**

(Noninfringement)

57.     Network Solutions has not infringed, directly or indirectly, contributed to, or induced infringement of any valid and enforceable claim of the '180 patent, either literally or under the doctrine of equivalents, in the State of Texas, in this District, or elsewhere in the United States, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**SECOND AFFIRMATIVE DEFENSE**

(Prosecution History Estoppel)

58.     Balthaser is estopped, by virtue of the cancellation, amendments, representations, and concessions made to the Patent and Trademark Office during the prosecution of the '180 patent, from construing any claim of that patent to have been infringed by Network Solutions.

**THIRD AFFIRMATIVE DEFENSE**

(Invalidity)

59.     The '180 patent is invalid because it failed to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to State Claim)

60.     Balthaser's purported claims are barred because they fail to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

61.     Balthaser's claims for relief are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Time Limitation on Damages)

62.     35 U.S.C. §§ 154(d) and/or 286 limit the recovery of damages, if any, by Balthaser.

## SEVENTH AFFIRMATIVE DEFENSE

(Limitation on Damages)

63. 35 U.S.C. § 287 limits recovery of damages, if any, by Balthaser.

## EIGHTH AFFIRMATIVE DEFENSE

(Limitation on Injunctive Relief)

64. Balthaser is not entitled to injunctive relief because any injury to Balthaser is not immediate or irreparable, and Balthaser has an adequate remedy at law.

## PRAYER FOR RELIEF

65. WHEREFORE, Network Solutions prays for judgment against Balthaser on the Complaint, as follows:

    A. That Balthaser take nothing by its claim for relief;

    B. That Balthaser's claim for relief be dismissed with prejudice;

    C. That the Court enter judgment against Balthaser and in favor of Network Solutions in all aspects;

    D. That the Court award Network Solutions its attorneys fees and costs in defending this Action; and

    E. For such other and further relief as the Court deems just and equitable.

## NETWORK SOLUTION, LLC'S COUNTERCLAIMS

67. Defendant/Counterclaim-Plaintiff, Network Solutions, LLC ("Network Solutions"), brings the following Counterclaims against Plaintiff/Counter-Defendant Balthaser Online, Inc. ("Balthaser").

## PARTIES

68. Defendant/Counterclaim-Plaintiff Network Solutions is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 13861 Sunrise Valley Drive, Suite 300, Herndon, Virginia 20171.

69. Upon information and belief, Balthaser is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California 95667.

70. Network Solutions brings these Counterclaims against Balthaser Online, Inc. pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## JURISDICTION AND VENUE

71. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, based upon an actual controversy between the parties.

72. This is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## COUNTERCLAIM FOR DECLARATION OF NONINFRINGEMENT

73. Network Solutions incorporates by reference paragraphs 1-72.

74. Network Solutions has not infringed, directly or indirectly, contributed to or induced infringement of any valid and enforceable claim of the '180 patent either literally or under the doctrine of equivalents in the State of Texas, and elsewhere in the United States by any means, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

75. The filing of this lawsuit by Plaintiff Balthaser and this Answer filed by Network Solutions indicates that there is a direct, immediate and substantial controversy between these parties as to alleged infringement of the '180 patent by Network Solutions, and Network

Solutions is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '180 patent.

### **COUNTERCLAIM FOR DECLARATION OF INVALIDITY OF THE '180 PATENT**

76. Network Solutions incorporates by reference paragraphs 1-75.

77. The asserted claims of the '180 patent are invalid and/or unenforceable because the alleged inventions claimed therein failed to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to one or more of the requirements of 35 U.S.C. §§ 35 U.S.C. §§ 101, 102, 103, and 112.

78. The filing of this lawsuit by Plaintiff Balthaser and this Answer filed by Network Solutions indicates that there is a direct, immediate and substantial controversy between these parties as to validity of the '180 patent, and, Network Solutions is entitled to a declaration that the claims of the '180 patent are invalid.

### **REQUEST FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiff Network Solutions respectfully requests that this Court enter a judgment and decree in its favor and against Plaintiff/Counter-Defendant Balthaser:

(a) Dismissing the Complaint herein in its entirety with prejudice;

(b) Declaring that the '180 patent is invalid and/or not infringed;

(c) Permanently enjoining Balthaser, its officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of or in privy with them or with any of them, from asserting or otherwise seeking to enforce the '180 patent against Network Solutions.

(d) Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding Network Solutions its attorney's fees, costs, and expenses; and

(e)     Awarding Network Solutions any further additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendant/Counterclaim Plaintiff Network Solutions respectfully demands a jury trial on all issues raised in this answer and counterclaim triable to a jury.

Dated: January 2, 2009              Respectfully submitted,

By: /s / Elizabeth L. DeRieux
    S. Calvin Capshaw
    State Bar No. 03783900
    E-mail: ccapshaw@capshawlaw.com
    Elizabeth L. DeRieux
    State Bar No. 05770585
    E-mail: ederieux@capshawlaw.com
    N. Claire Abernathy
    State Bar No. 24053063
    E-mail: chenry@capshawlaw.com
    **CAPSHAW DERIEUX, L.L.P.**
    1127 Judson Road, Suite 220
    Longview, Texas 75601
    Telephone: (903) 236-9800
    Facsimile:   (903) 236-8787

    Richard S. Meyer (to be admitted *pro hac vice*)
    Gary  S. Morris (to be admitted *pro hac vice*)
    Justin T. Darrow (to be admitted *pro hac vice*)
    TOWNSEND AND TOWNSEND AND CREW LLP
    1301 K Street, N.W.
    Ninth Floor, East Tower
    Washington, D.C. 20005

    Theodore T. Herhold (to be admitted *pro hac vice*)
    TOWNSEND AND TOWNSEND AND CREW LLP
    Two Embarcadero Center, 8th Fl.
    San Francisco, CA 94111-3834

    ATTORNEYS FOR DEFENDANT
    NETWORK SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A) on this 2nd day of January, 2009.

By: /s/ Elizabeth L. DeRieux