IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BALTHASER ONLINE, INC.

Plaintiff,

v.

NETWORK SOLUTIONS, LLC, THE KNOT, INC., INSIDER GUIDES, INC., CYWORLD INC., FRIENDFINDER NETWORKS, INC., HI5 NETWORKS, INC., FREEWEBS, INC., GAIA INTERACTIVE INC., FRIENDSTER, INC., EBAUM'S WORLD, INC., PUMA INTERNATIONAL, LLC, IMEEM, INC., SCRIPPS NETWORKS, LLC, LIVE JOURNAL INC., NIKE, INC., NING, INC., SWATCHBOX TECHNOLOGIES, INC., ELECTRONIC ARTS INC., HOOKUMU INC., MEREDITH CORP., and CAPCOM USA, INC.

Defendants.

Civil Action No. 2:08-cv-430

Jury Trial Demanded

**DEFENDANT ELECTRONIC ARTS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

Defendant Electronic Arts Inc. ("EA") answers Plaintiff Balthaser Online, Inc.'s ("Balthaser's") First Amended Complaint ("FAC") as follows:

**THE PARTIES**

1. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the FAC and, therefore, denies each and every allegation of paragraph 1 of the FAC.

2. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the FAC and, therefore, denies each and every allegation of paragraph 2 of the FAC.

3. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the FAC and, therefore, denies each and every allegation of paragraph 3 of the FAC.

4. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the FAC and, therefore, denies each and every allegation of paragraph 4 of the FAC.

5. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the FAC and, therefore, denies each and every allegation of paragraph 5 of the FAC.

6. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the FAC and, therefore, denies each and every allegation of paragraph 6 of the FAC.

7. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the FAC and, therefore, denies each and every allegation of paragraph 7 of the FAC.

8. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the FAC and, therefore, denies each and every allegation of paragraph 8 of the FAC.

9. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the FAC and, therefore, denies each and every allegation of paragraph 9 of the FAC.

10. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the FAC and, therefore, denies each and every allegation of paragraph 10 of the FAC.

11. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the FAC and, therefore, denies each and every allegation of paragraph 11 of the FAC.

12. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the FAC and, therefore, denies each and every allegation of paragraph 12 of the FAC.

13. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the FAC and, therefore, denies each and every allegation of paragraph 13 of the FAC.

14. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the FAC and, therefore, denies each and every allegation of paragraph 14 of the FAC.

15. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the FAC and, therefore, denies each and every allegation of paragraph 15 of the FAC.

16. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the FAC and, therefore, denies each and every allegation of paragraph 16 of the FAC.

17. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the FAC and, therefore, denies each and every allegation of paragraph 17 of the FAC.

18. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the FAC and, therefore, denies each and every allegation of paragraph 18 of the FAC.

19. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the FAC and, therefore, denies each and every allegation of paragraph 19 of the FAC.

20. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the FAC and, therefore, denies each and every allegation of paragraph 20 of the FAC.

21. EA admits the allegations of paragraph 21 of the FAC.

22. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the FAC and, therefore, denies each and every allegation of paragraph 22 of the FAC.

23. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the FAC and, therefore, denies each and every allegation of paragraph 23 of the FAC.

24. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the FAC and, therefore, denies each and every allegation of paragraph 24 of the FAC.

25. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the FAC and, therefore, denies each and every allegation of paragraph 25 of the FAC.

26. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the FAC and, therefore, denies each and every allegation of paragraph 26 of the FAC.

27. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the FAC and, therefore, denies each and every allegation of paragraph 27 of the FAC.

28. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the FAC and, therefore, denies each and every allegation of paragraph 28 of the FAC.

29. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the FAC and, therefore, denies each and every allegation of paragraph 29 of the FAC.

**JURISDICTION AND VENUE**

30. EA admits that plaintiff Balthaser purports to bring this action under Title 35 of the United States Code as a claim for patent infringement. EA admits that Balthaser purports to seek injunctive relief as well as damages. EA denies any express or implied allegation within this paragraph that it has infringed, or is now infringing, any patent or that Balthaser is entitled to an injunction or any other relief. EA admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as thus expressly admitted, EA denies the allegations of paragraph 30.

31. EA admits only that this Court has personal jurisdiction over EA. EA denies any express or implied allegation within this paragraph that it has infringed, or is now infringing, any patent or that Balthaser is entitled to an injunction or any other relief. EA is without knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph related to other defendants and, therefore, denies each and every remaining allegation of paragraph 31 of the FAC.

32. EA admits venue is proper in the Eastern District of Texas under Title 28 of the United States Code sections 1391 and 1400, but states that this case should be transferred to the

United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Except as thus expressly admitted, EA denies the allegations of paragraph 32.

**U.S. PATENT NO. 7,000,180**

33. EA incorporates by reference paragraphs 1-32 of this Answer as if fully set forth herein.

34. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the FAC and, therefore, denies each and every allegation of paragraph 34 of the FAC.

35. EA admits that United States Patent No. 7,000,180 (the "'180 patent") is entitled "Methods, Systems, and Processes For The Design And Creation of Rich-Media Applications Via The Internet" and issued on February 14, 2006. EA further admits that Balthaser attached a copy of the '180 Patent to the FAC. Except as thus expressly admitted, EA denies the allegations of paragraph 35.

36. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the FAC and, therefore, denies each and every allegation of paragraph 36 of the FAC.

37. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the FAC and, therefore, denies each and every allegation of paragraph 37 of the FAC.

38. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the FAC and, therefore, denies each and every allegation of paragraph 38 of the FAC.

39. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the FAC and, therefore, denies each and every allegation of paragraph 39 of the FAC.

40. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the FAC and, therefore, denies each and every allegation of paragraph 40 of the FAC.

41. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the FAC and, therefore, denies each and every allegation of paragraph 41 of the FAC.

42. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the FAC and, therefore, denies each and every allegation of paragraph 42 of the FAC.

43. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the FAC and, therefore, denies each and every allegation of paragraph 43 of the FAC.

44. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the FAC and, therefore, denies each and every allegation of paragraph 44 of the FAC.

45. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the FAC and, therefore, denies each and every allegation of paragraph 45 of the FAC.

46. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the FAC and, therefore, denies each and every allegation of paragraph 46 of the FAC.

47. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the FAC and, therefore, denies each and every allegation of paragraph 47 of the FAC.

48. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the FAC and, therefore, denies each and every allegation of paragraph 48 of the FAC.

49. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the FAC and, therefore, denies each and every allegation of paragraph 49 of the FAC.

50. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the FAC and, therefore, denies each and every allegation of paragraph 50 of the FAC.

51. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the FAC and, therefore, denies each and every allegation of paragraph 51 of the FAC.

52. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the FAC and, therefore, denies each and every allegation of paragraph 52 of the FAC.

53. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the FAC and, therefore, denies each and every allegation of paragraph 53 of the FAC.

54. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the FAC and, therefore, denies each and every allegation of paragraph 54 of the FAC.

55. EA denies each and every allegation of paragraph 55 of the FAC.

56. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the FAC and, therefore, denies each and every allegation of paragraph 56 of the FAC.

57. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the FAC and, therefore, denies each and every allegation of paragraph 57 of the FAC.

58. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the FAC and, therefore, denies each and every allegation of paragraph 58 of the FAC.

59. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the FAC and, therefore, denies each and every allegation of paragraph 59 of the FAC.

60. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the FAC and, therefore, denies each and every allegation of paragraph 60 of the FAC.

61. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the FAC and, therefore, denies each and every allegation of paragraph 61 of the FAC.

62. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the FAC and, therefore, denies each and every allegation of paragraph 62 of the FAC.

63. EA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the FAC and, therefore, denies each and every allegation of paragraph 63 of the FAC.

64. EA denies each and every allegation of paragraph 64 of the FAC.

65. EA denies each and every allegation of paragraph 65 of the FAC.

66. EA denies each and every allegation of paragraph 66 of the FAC.

67. EA denies each and every allegation of paragraph 67 of the FAC.

68. EA denies each and every allegation of paragraph 68 of the FAC.

69. EA denies each and every allegation of paragraph 69 of the FAC.

70. In response to Balthaser's Prayer for Relief, EA denies that Balthaser is entitled to any relief sought in Paragraphs A through I of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

EA asserts the following affirmative defenses to Balthaser's FAC. Assertion of such a defense is not a concession that EA has the burden of proving the matter asserted.

### First Affirmative Defense

71. EA has not infringed, and does not currently infringe, willfully or otherwise, or contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, U.S. Patent No. 7,000,180 ("the '180 Patent").

### Second Affirmative Defense

72. The '180 Patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code.

### Third Affirmative Defense

73. Balthaser is estopped from construing the claims of the '180 Patent in such a manner that covers EA's activities by reason of, among other things, statements made in the '180 Patent, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '180 Patent, prior statements

made in this or any other Court, prior rulings of this or any other Court, and/or Balthaser's prior conduct.

**Fourth Affirmative Defense**

74. Balthaser's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant EA prays as follows:

A. That the FAC be dismissed in its entirety with prejudice and that a Judgment be entered for EA;

B. That Balthaser take nothing by reason of its FAC;

C. For a declaratory judgment that:

(i) EA does not infringe either directly or indirectly any valid and enforceable claim of the '180 Patent;

(ii) The '180 Patent is invalid and void;

(iii) The '180 Patent is unenforceable; and

(iv) Balthaser, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against EA, its present or prospective customers, agents, servants, or employees, or users of EA's products, for alleged infringement of the '180 patent;

D. For an injunction prohibiting Balthaser, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening EA, its present or prospective customers, agents, servants, or employees, or users of EA's products, with infringement litigation or charging any of them either orally or in writing with infringement of the '180 Patent, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any EA products;

E. That EA be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Balthaser's conduct as set forth above renders this an exceptional case; and

F. For such other relief as the Court deems proper.

Dated: February 2, 2009

Respectfully submitted,

/s/ David A. Segal

GIBSON, DUNN & CRUTCHER LLP
Wayne M. Barsky, CA Bar No. 116731*
David A. Segal, CA Bar No. 166635
Sarah E. Piepmeier, CA Bar No. 227094*
Alison R. Watkins, CA Bar No. 253023*
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:(415) 393-8200
Facsimile: (415) 374-8404
wbarsky@gibsondunn.com
dsegal@gibsondunn.com
spiepmeier@gibsondunn.com
awatkins@gibsondunn.com
(**admitted pro hac vice*)

ATTORNEYS FOR DEFENDANT
ELECTRONIC ARTS, INC.

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on February 2, 2009 pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Heather Scholz
Heather Scholz